```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

UNITED STATES OF AMERICA,        §
                                 §
     Plaintiff/Respondent.       §
                                 §
                                 §   CRIMINAL NO. H-11-106
VS.                              §   CIVIL ACTION H-12-1071
                                 §
JOSE AGUILAR-HERNANDEZ,          §
                                 §
     Defendant/Movant.           §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause are (1) Movant Jose Aguilar-Hernandez's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel (instrument #29 in H-11-CR-106; #1 in H-12-CV-1071); (2) the United States' motion to dismiss (#41); and (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#49) that the government's motion to dismiss be granted and Movant's § 2255 motion be denied. Movant has not filed any objections to the Magistrate Judge's memorandum and recommendation.

Movant, who pled guilty to possession of a firearm by an illegal alien in violation of 18 U.S.C. sec. 922(g)(4)(A) and was sentenced to time served, to be followed by a one-year term of supervised release and ordered to pay a special assessment of $100, asserts three claims of ineffective assistance of counsel: (1) that

-1-

his guilty plea was involuntary and unintelligent due to ineffective assistance of counsel; (2) that defense counsel "counseled him to plead guilty to the charge without performing any investigation"; and (3) counsel failed to inform him that "his guilty plea would lead to his deportation and render him inadmissible."

The Sixth Amendment guarantees a defendant the right to have counsel present at all "'critical' stages of the criminal proceedings" against them. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), *citing Missouri v. Frye*, 132 S. Ct. at 1405, and *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Moreover, the two-prong test under *Strickland v. Washington*, 466 U.S. 668 (1984), "'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id., quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To establish that counsel was ineffective, the defendant must prove: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland,* 466 U.S. at 687 (the "performance" prong), and (2) "that the deficient performance prejudiced the defense" (the "prejudice" prong). *Id.* The reviewing court need not consider both prongs if the court finds that the defendant has failed to prove either. *Id.* To prove that trial counsel's

deficient performance prejudiced the defense, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of a criminal trial]." *Id.* This heavy burden requires a "substantial," not merely a "conceivable,"likelihood of a different result. *Harrington v. Richter,* 131 S. Ct. 770, 787 (2011); *see also Cullen v. Pinholster,* 131 S. Ct. 1388, 1403 (2011). In deciding whether the result would have been different, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *Brown v. Thaler*, 684 F.3d 482, 491 (5th Cir. 2012), *cert. denied*, ___ S. Ct. ___, No. 12-7258, 2011 WL 598586 (S. Ct. Feb. 19, 2013).

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that a defendant must demonstrate that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty, but would have gone to trial. *Hill,* 474 U.S. 52; *Joseph v. Butler*, 838 F.2d 786, 792 (5th Cir. 1988). The defendant must provide more than mere allegations to that effect. *Joseph*, 838 F.2d at 791. Furthermore, under the prejudice prong of *Strickland*, even where counsel rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was

voluntary. *DeVille v. Whitley*, 21 F.2d 654, 659 (5th Cir. 1994).

On a claim of ineffective assistance of counsel, the court is "highly deferential" and there is a strong presumption that counsel's performance was reasonable or "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Courts must make "ever effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

A guilty plea that is not knowingly, voluntarily, and intelligently entered is invalid. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). A federal habeas court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty." *Deville*, 21 F.3d at 657, *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985). To determine the validity of a guilty plea, courts must decide "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56; *U.S. v. Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012). A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995), *citing Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991),

*cert. denied*, 503 U.S. 988 (1992); *U.S. v. Suarez*, 155 F.3d 521, 524-25 (5th Cir. 1998).  A guilty plea is "knowing" when the defendant understands "the consequences" of a guilty plea, i.e., he knows the maximum prison term and fine for the offense charged. *Guerra*, 94 F.3d at 995.  A guilty plea in not voluntary if it is obtained by threats, misrepresentations, unfulfilled promises, or promises of an improper nature."  *U.S. v. Hernandez*, 234 F.3d 252, 255 n.3 (5th Cir, 2000).

In *Missouri v. Frye*, 132 S. Ct. at 1406, Justice Kennedy wrote for the majority,

> Before a guilty plea is entered the defendant's understanding of the plea and its consequences can be established on the record.  This affords the State substantial protection against later claims that the plea was the result of inadequate advice.  At the plea's entry proceedings the trial court and all counsel have the opportunity to establish on the record that the defendant understands the process that led to any offer, the advantages and disadvantages of accepting it, and the sentencing consequences or possibilities that will ensue once a conviction is entered on the plea.

Generally a defendant will not be allowed to refute his testimony given at a plea hearing under oath.  *U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing U.S. v. Guller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Conclusory allegations, regardless whether they are made by a *pro se* litigant or counsel, are insufficient to raise cognizable claims of ineffective assistance of counsel.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *citing Ross v. Estelle*, 694 F.2d

1008, 1012 (5th Cir. 1983).

The Magistrate Judge's memorandum and recommendation (#49) quotes extensively from the Transcript of Movant's Rearraignment and Sentencing (#35), which evidences that, during the plea colloquy, the undersigned Judge advised Movant of the maximum penalty he faced in years of imprisonment, fines, and term of supervised release if he pled guilty to 18 U.S.C. § 922(g)(5)(A), including that a finding of guilt could result in his being deported from the United States; of his right to plead not guilty and proceed to trial by jury with assistance of counsel and with the right to cross examine witnesses; of the rights he would be waiving by pleading guilty; of the essential elements of the offense of an illegal alien in possession of a fire arm; and of what the government was prepared to prove if the case proceeded to trial.  In responses to questioning by the Court, Movant testified that no one attempted to force him to plead guilty or made any promises or assurances of any kind to him to persuade him to plead guilty and that he was pleading guilty because he was guilty.

Nevertheless, unless a defendant receives a "reasonably effective assistance of counsel in connection with his decision to plead guilty [he] cannot be said to have made that decision either intelligently or voluntarily."  *Mason v. Balcom*, 531 F.2d 717, 725 (5th Cir. 1976).  Regarding the claim of failure to investigate, the Fifth Circuit "has recognized that, at a minimum, counsel has a

duty to interview potential witnesses and to make an independent investigation of the facts and the circumstances of the case." *Nealy v. Cabana*, 784 F.2d 1173, 1177 (5th Cir. 1985), *citing Bell v. Watkins*, 692 F.2d 999, 1009 (5th Cir. 1982).

For a § 2255 Movant to assert a viable claim of failure to investigate by his counsel, he must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989), *citing inter alia Gray v. Lucas*, 677 F.2d 1086 (5th Cir. 1982); *U.S. v. Alanis*, 88 Fed. Appx. 15 (Feb. 10, 2004); *Gregory v. Thaler*, 601 F.3d 347 (5th Cir. 2010)("To prevail on an ineffective assistance claim based on uncalled witnesses, an applicant must name the witness, demonstrate that the witness could have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable."), *citing Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Movant Aguilar-Hernandez, who bears the burden of demonstrating that counsel's performance was deficient and that this deficient performance prejudiced his defense, has failed to identify any witness or any other evidence that would support his claim of ineffective assistance of counsel in counsel's advice to him about pleading guilty. *U.S. Holmes*, 406 F.3d 337 (5th Cir. 2005). He thus fails to meet his burden.

Accordingly, after a *de novo* review of the record, the Court

concurs with the Magistrate Judge's memorandum and order and ADOPTS it as its own. Thus the Court

ORDERS that the government's motion to dismiss (#41) is GRANTED and Movant's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 (#29) is DENIED.

An appeal of a final order in a habeas corpus proceeding cannot be taken "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the § 2255 rules instructs this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 applicant even if the applicant does not request one or file a notice of appeal." Because the Court finds that Movant has failed to make a substantial showing of the denial of a constitutional right, nor shown that reasonable jurists could debate whether the motion should have been resolved differently, nor that the issues raised by Movant should be encourage to proceed further,[1] the Court

---

[1] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *U.S. v. Jones*, 287 F.3d 325, 329 (5th Cir. 2001).

ORDERS that a certificate of appealability is DENIED.

**SIGNED** at Houston, Texas, this  26th  day of  March , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE